UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ALLSTATE INSURANCE COMPANY, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00098 (VLB) |
| DAVID CAMPAGNA ET AL., | : | |
| Defendants. | : | August 27, 2008 |

## MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. #31]

This is an action for a declaratory judgment brought by the plaintiff, Allstate Insurance Company ("Allstate"), against the defendants, David Campagna and John Chasse. Allstate grounds jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because Allstate's principal place of business is in Illinois, the defendants are citizens of Connecticut, and the amount in controversy exceeds $75,000. Allstate has filed a motion for summary judgment. For the reasons given below, Allstate's motion [Doc. #31] is GRANTED.

Allstate issued a homeowner's insurance policy to Campagna for one year, ending on September 30, 2004. On August 26, 2004, while the policy was in effect, Campagna allegedly beat Chasse at Chasse's business in the town of Wolcott, Connecticut. Chasse filed a lawsuit against Campagna in Connecticut Superior Court on August 30, 2006, alleging that he suffered a traumatic brain injury, facial fracture, broken teeth, and injuries to his spine, neck, ribs, and

elbow, <u>inter alia</u>, as a result of the beating.  Chasse's complaint alleged causes of action for negligence, negligent infliction of emotional distress, battery, and intentional infliction of emotional distress.  Allstate then filed the present case, seeking a declaratory judgment that it has no duty to defend or to indemnify Campagna in connection with Chasse's lawsuit.

In opposing Allstate's action, Chasse directs this Court's attention to a police report dated August 30, 2004, in order to provide context for the underlying action.  According to the police report, Campagna beat Chasse because Campagna was upset with the manner in which Chasse had interacted with Campagna's girlfriend, Laurie Bosco.  Bosco was an employee of the town sewer and water department, and Chasse had argued with her regarding water service at his business.  The police report also referred to a written statement provided by Thomas Ficeto, a witness to the altercation between Campagna and Chasse.  In that statement, Ficeto wrote in relevant part:

> [A] red pickup truck pulled up in the back to where [Chasse] was. A guy got out . . . . I thought it was a customer.  All of the sudden [Campagna] cold cocked [Chasse] punching him in the head. [Chasse] went down and [Campagna] continued to punch him in the face and I then went to get between them and [Campagna] also kicked [Chasse] in the face with his foot.  I then got to [Chasse] and I told [Campagna] take it easy.  [Campagna] said you take it easy or I'll put you in a body bag.  I told him not to hit [Chasse] anymore.  [Campagna] continued to yell at [Chasse] something about the water.  [Campagna] then got into his truck after threatening to beat people up. . . .  There was blood everywhere. . . .

[Doc. #35, Ex. A]. Campagna testified at his deposition that he was wearing heavy hunting boots at the time of the incident and denied kicking Chasse with them. Campagna stated: "If you get kicked in the head with these [boots], you're going to definitely hurt somebody." [Doc. #35, Ex. C] Campagna also denied kneeing Chasse in the back.

Allstate now moves for summary judgment. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

Allstate argues that Campagna's altercation with Chasse does not qualify as an "occurrence" under Campagna's homeowner's policy. The policy defines "occurrence" in relevant part as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury . . . ." [Doc. #1, p. 3] The policy excludes

3

coverage for bodily injury that is "intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person."  [Doc. #1, p. 3]  Allstate argues that Campagna intentionally struck Chasse, and, therefore, Campagna's conduct does not fall within the definition of an "occurrence" and the scope of the policy's coverage.

Campagna argues in opposition that Chasse's allegations of negligence are sufficient to require Allstate to defend and to indemnify Campagna.  Chasse also opposes Allstate's motion, arguing that there is a genuine issue of material fact as to whether some of Campagna's conduct was negligent.  Chasse points out that Campagna denied kicking him in the head.  Chasse also relies on Ficeto's written statement to the police, in which Ficeto stated that he "went to get between [Campagna and Chasse] and [Campagna] also kicked [Chasse] in the face with his foot."  [Doc. #35, Ex. A]  Chasse interprets that statement to mean that Campagna did not intend to kick Chasse but instead accidentally kicked him while Ficeto positioned himself between them.  In its reply brief, Allstate disagrees with Chasse's interpretation of Ficeto's statement and also notes that the statement is inadmissible hearsay.

"[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint. . . .  The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his

4

complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Moreover, [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured. . . . In contrast to the duty to defend, the duty to indemnify is narrower: while the duty to defend depends only on the allegations made against the insured, the duty to indemnify depends upon the facts established at trial and the theory under which judgment is actually entered in the case. . . .

"Thus, the duty to defend is triggered whenever a complaint alleges facts that potentially could fall within the scope of coverage, whereas the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct actually was covered by the policy. Because the duty to defend is significantly broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify . . . ." DaCruz v. State Farm Fire & Casualty Co., 268 Conn. 675, 687-88 (2004).

Considering Chasse's state court complaint, the negligence claim alleges that Campagna "negligently struck [Chasse] in the area of the face, head, back, arms and legs," and the battery claim alleges that Campagna "intentionally, willfully, wantonly and maliciously punch[ed] [Chasse], knocking him to the ground, and repeatedly punched and kicked him in the area of the face, head,

5

back, arms and legs."  [Doc. #36, Ex. A]  Chasse's complaint does not allege any other facts regarding the manner in which Campagna struck Chasse.

Considering other evidence in the record, namely, Ficeto's written statement to the police, upon which Chasse relies, the Court agrees with Allstate that Chasse's interpretation of that statement is implausible, unreasonable, and unpersuasive.  The statement indicates that as Ficeto positioned himself between Campagna and Chasse, Campagna kicked Chasse in the face.  Ficeto did not state that the kick was inadvertent.  Ficeto then stated that Campagna threatened to harm him and other people before Campagna drove away.  Consequently, the statement as a whole supports the conclusion that Campagna's actions were intentional.  Campagna's conduct during and after the assault manifested his intent to harm.  Although Campagna denied kicking Chasse, he also denied kneeing him in the back.  The mere denial of specific conduct during an assault does not require the alleged conduct to be viewed as negligent.  "[T]he same conduct [cannot] reasonably be determined to have been both intentionally and negligently tortious. . . .  [I]ntentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive. . . . Although in a given case there may be doubt about whether one acted intentionally or negligently, the difference in meaning is clear."  Id. at 693.

It is clear from Chasse's complaint and Ficeto's statement that Campagna acted intentionally; it is unavailing for Chasse merely to label Campagna's conduct as negligent without alleging any facts that would support the existence

6

of negligent conduct. The Court therefore rejects Campagna's argument that the mere invocation of the word "negligence" suffices to create the possible existence of negligent conduct. Of course, Chasse's complaint is nascent and may be amended pursuant to Connecticut Practice Book §§ 10-60 through 10-66.

Because the insurance policy excludes coverage for intentional conduct, Allstate has no duty to defend Campagna, and, therefore, no duty to indemnify him in connection with Chasse's lawsuit. Allstate's motion for summary judgment [Doc. #31] is GRANTED. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 27, 2008.